# MacMULKIN v. BOLLEE.

### APPEALS; PATENTS; INTERFERENCE.

1. Whether the application of one of the parties to an interference discloses the subject-matter of the interference, and therefore whether the interference is properly declared, is a question to be ordinarily determined by the Patent Office (following *Ostergren* v. *Tripler*, 17 App. D. C. 558, and *Herman* v. *Fullman*, 23 App. D. C. 264); but in extreme cases, where palpable error has been committed, the decision of the Commissioner holding identity of invention between the parties to the interference may be reversed (following *Podlesak* v. *McInnerney*, 26 App. D. C. 399).

2. In an interference involving an improvement in carbureters for internal combustion engines, where the junior party took no testimony, and the question was whether the senior party, who had amended his specifications and filed new drawings after the filing date of his adversary, disclosed the invention of the issue by his original application, it was *held*, on a review of the record and proceedings, that the finding of the Patent Office in favor of the senior party was conclusive upon this court.

No. 422. Patent Appeals. Submitted May 17, 1907. Decided June 4, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Messrs. Howson & Howson* and *Mr. Hubert Howson* for the appellant.

*Mr. A. S. Pattison* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

John J. MacMulkin, the appellant, filed his application on December 9, 1903, and Leon Bollee, the appellee, filed on

August 3, 1903, and is therefore the senior party, although a patent was issued to the appellant upon his subsequent application. MacMulkin took no testimony, and conception and reduction to practice by him is therefore deemed to have happened at his filing date. Testimony taken by Bollee to show he had secured certain foreign patents was taken, but need not be considered, because his filing date is earlier than that of MacMulkin. The Examiner of Interferences awarded priority of invention to MacMulkin, holding that the original application of Bollee did not disclose the invention in controversy, which was only disclosed by his subsequent drawings and specifications, and so restricting Bollee to the date of filing them. Such date was subsequent to the filing of MacMulkin's application. The Examiners-in-Chief, who were affirmed by the Commissioner of Patents, reversed the decision of the Examiner of Interferences, and held that Bollee's original application did disclose this invention, and they therefore awarded priority to Bollee.

The three following issues show the matter in controversy:

"1. A vaporizer for liquid hydrocarbons, comprising a number of hydrocarbon inlets, a separate air inlet to each hydrocarbon inlet, a common outlet pipe and means for cutting off one or more of the pairs of hydrocarbon inlets and air inlets simultaneously, as described.

"2. A vaporizer for liquid hydrocarbons, comprising a number of inlets for hydrocarbon, and means at all times to supply a constant flow to each inlet, an air supply to each said inlet, an outlet for the vaporized mixture, and a throttle valve between the individual inlets and the outlet adapted to cut off or open more or fewer of the combined and hydrocarbon inlets, substantially as described.

"3. A vaporizer for liquid hydrocarbons, comprising an outlet pipe, a throttle valve opening thereto, a body part containing a plurality of chambers, a separate passage from each chamber to the throttle valve, and an air supply and a hydrocarbon supply to each chamber, the throttle valve being adapted to cut off more or fewer of the chambers from the outlet pipe, substantially as described."

Whether or not the application discloses the subject-matter of the interference, and therefore whether or not the interference is properly declared, is a question to be ordinarily determined by the Patent Office. See *Ostergren* v. *Tripler,* 17 App. D. C. 558; *Herman* v. *Fullman,* 23 App. D. C. 264, 265. However, this court has held that in extreme cases, where palpable error has been committed, the decision of the Patent Office holding identity of invention between the devices of the parties to the interference may be reversed. See *Podlesak* v. *McInnerney,* 26 App. D. C. 399.

The case we are now considering is not such an exceptional case.

The Primary Examiner first declared that, because the specification did not explain what was meant by "carbureter" and by "sprayer" in Bollee's specification, he could take no action on the merits. The Examiner of Interferences held that Bollee's application did not disclose any particular kind or form of carbureter, and that such disclosure was only incorporated by amendment after MacMulkin's patent had issued, and the inclusion of the added elements was new matter. The Commissioner, however, justly states that "the Examiner's action in admitting the substitute specification and drawing was in effect a ruling on his part that the substitute specification and drawing did not contain new matter, and that there was a foundation in Bollee's original application for the claims which he suggested to him." The Examiners-in-Chief reversed the Examiner of Interferences, and found that the invention was disclosed in Bollee's original application, and therefore awarded to him priority of invention. They were affirmed by the Commissioner of Patents. We hold the finding of the Patent Office that the Bollee application, as originally filed, disclosed the invention in controversy, is conclusive upon this court in this interference.

The only point at issue here is whether or not Bollee's original application discloses this invention, and whether or not Bollee has the right to make the claim as based upon said application. If so, he is entitled to judgment of priority. The

invention in issue is an improvement in carbureters for internal combustion engines. It is intended to provide means for varying the quantity of explosive mixture supplied to the cylinder without altering the proportion of air to gas in the mixture; and this result is accomplished by providing a series of carbureters, together with a valve, by means of which one or more of the carbureters can be placed in communication with the cylinder. If Bollee's application of August 3, 1903, contained such a disclosure of this invention as to enable those skilled in the art to practice it, that date is to be deemed as the date of constructive reduction to practice by him, and he is entitled to an award of priority in this case.

The Examiners-in-Chief concluded that, taking the drawing and the specification together, Bollee's application shows a construction within the terms of the counts of this issue. They conclude that the first count requires that the vaporizer shall comprise a number of hydrocarbon inlets, separate air inlets for each of these, a common outlet pipe, and means for cutting off one or more pairs of hydrocarbon inlets and air inlets simultaneously. In the second and third counts this last element is called a throttle valve. The second count adds further means for a constant flow of hydrocarbon to each inlet, and the third count specifies further that the vaporizer has a body part with a series of chambers with a separate passage from each chamber to the throttle valve, with an air and hydrocarbon supply for each chamber; and the Examiners-in-Chief very clearly argue that Bollee's original drawings and specifications disclose the exact invention of the counts of the issue.

In affirming this board, the Acting Commissioner aptly said: "In the drawing of his original application Bollee showed a valve controlling communication between several chambers, which he termed carbureters, and a passage leading to the cylinder of the engine. The primary purpose of a carbureter for an internal combustion engine is to form a mixture of air with hydrocarbon. There can be no question, therefore, that the mere use of the term "carbureter" was a sufficient disclosure of the idea of providing "hydrocarbon inlets," as specified in the

issue. It is contended by MacMulkin that, from all that appears in Bollee's application, he might have intended to supply carbureted air from a reservoir, or, if he intended to use an oil supply, he might have used a common mixer leading to the various passages controlled by the valve. Bollee, however, in his original specification, stated that he proposed to use a number of carbureters, and he referred to the several chambers controlled by the valve as carbureters. He furthermore stated that practically perfect results could be secured by the use of two carbureters."

We agree with the Commissioner that it would be impossible for any one skilled in the art to read Bollee's original specification in connection with the drawings accompanying it, without perceiving that air and hydrocarbon were to be supplied separately to each of the passages controlled by the valves. The specification refers to the use of "sprayers," and in effect states that the several chambers supply mixtures varying in the proportion of contained hydrocarbon, which result could only be secured by providing each of the chambers controlled by the valve with means for supplying both air and hydrocarbon, or, in other words, each chamber must be a carbureter," a thing which was old and well known. Sec. 4888, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3383), requires that the description shall be sufficiently full and clear "to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same." Bollee's specification and drawing meet this requirement. The exhaustive argument of appellant's counsel is met by the decision of the Patent Office that Bollee's original application was a constructive reduction to practice, and that the amendment of his specification was in no wise an admission that his original application was an insufficient disclosure. It follows also that, because his original application sufficed, no question of diligence in acquiring constructive reduction to practice arises here. The argument in behalf of the appellant, that Bollee's application as amended does not disclose one essential element of the third issue, and that a lack of a suction

control leaves Bollee's disclosure an inoperative device, is not convincing. In respect to the point that count three requires three throttles, it appears that the count called for only one throttle valve, namely, the one which is adapted to cut off more or fewer of the chambers from the outlet pipe as defined in that count. The new objection that Bollee's disclosure is not operative is in this instance a theoretical objection, which need not here be discussed.

The decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and decision to the Commissioner of Patents in the manner required by law.                                        *Affirmed.*